United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 18, 2003**

**Charles R. Fulbruge III**
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 01-60516

RICKY R. CHASE,

                              Petitioner-Appellant,

versus

CHRISTOPHER B. EPPS, COMMISSIONER, MISSISSIPPI
DEPARTMENT OF CORRECTIONS; MIKE MOORE, Attorney
General of the State of Mississippi,

                              Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
(3:97-CV-744)
--------------------

ON PETITION FOR REHEARING

Before JOLLY, WIENER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Petitioner-Appellant Ricky R. Chase, a Mississippi death row
inmate, petitions for panel rehearing following our affirmance of
the district court's judgment denying his 28 U.S.C. § 2254
petition.  Chase contends that our decision is irreconcilable with
the Supreme Court's recent decision in Wiggins v. Smith, 123 S. Ct.
2527 (2003), and that the Mississippi Supreme Court's decision was

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

an objectively unreasonable application of <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), in light of <u>Wiggins</u>. Chase argues that defense counsel was ineffective in taking only "perfunctory steps" to investigate Chase's mental capacity despite clear indications of his below-average intelligence and mental retardation, stating that the <u>Wiggins</u> Court reviewed facts similar to those present in his case.

In <u>Wiggins</u>, the petitioner's attorneys failed to investigate and present mitigating evidence of his "dysfunctional background" despite having some information available to them in a presentence investigation report and social service records. These indicated that the petitioner had suffered severe physical and sexual abuse as a child, had an alcoholic mother, and was borderline retarded with an IQ of 79. <u>See</u> <u>Wiggins</u>, 123 S. Ct. at 2532-33, 2536. The Supreme Court held that, under <u>Strickland</u>, the concern was not whether "counsel should have presented a mitigation case" but "whether the investigation supporting counsel's decision not to introduce mitigating evidence of Wiggins' background <u>was itself unreasonable</u>." <u>Id.</u> at 2536. The Court concluded that, given the information in the presentence report and the social services reports, counsel's decision not to expand the investigation into Wiggins' life history fell short of professional standards, <u>id.</u> at 2536-38, and that Wiggins was prejudiced by counsel's failure. <u>Id.</u> at 2542-44.

Wiggins is distinguishable from the instant case. In Wiggins, defense counsel failed to follow standard practice in preparing a social history report for the defendant despite availability of public funds to do so. Id. at 2536. Here, defense counsel moved for, and was granted, permission to obtain two psychological evaluations. Merely conducting some investigation is not necessarily sufficient; "[i]n assessing the reasonableness of an attorney's investigation . . . a court must consider not only the quantum of evidence already known to counsel, but also whether the known evidence would lead a reasonable attorney to investigate further." Wiggins, 123 S. Ct. at 2538. Yet the evidence possessed by counsel in Wiggins is qualitatively different from the evidence that was that present here.

First, defense counsel in Wiggins possessed a psychologist's report indicating that the petitioner had an IQ of 79, had difficulty coping with demanding situations, and had a personality disorder. Id. at 2536. Second, the petitioner's presentence report noted his misery as a youth, quoted his description of his own background as "'disgusting,'" and observed that the petitioner spent most of his life in foster care. Id. Finally, social services reports revealed that the petitioner's mother was a chronic alcoholic, that he was shuttled between foster homes and had emotional difficulties, that he had frequent, lengthy absences from school, and that, on at least one occasion, his mother left him and his siblings alone for days without food. Id. at 2537.

3

Here, by contrast, as the Mississippi Supreme Court noted, "there was no evidence presented, nor was it alleged, that Ricky Chase was the victim of child abuse, poverty, substance abuse or mental problems resulting from physical injury or organic disease." Chase v. State, 699 So. 2d 521, 528 (Miss. 1997). Chase does not contend now that he was a victim of such circumstances.

Defense counsel here knew that Chase had never failed a grade in school, had almost completed tenth grade before dropping out, and had been a good athlete in high school. Counsel also knew that Chase had never been in special education classes and had completed a welding course. As noted in the panel opinion, Dr. Perry's indication that Chase's Performance IQ was in the "mildly retarded" range was qualified by his finding that he did not believe Chase was performing at his best on that particular part of the test. When Dr. Perry administered the Wechsler Memory Scale (WMS) test, on which occasion he believed that Chase was performing at his best, Chase achieved a score in the average range, indicating no problems with recent recall.

Defense counsel knew that Dr. Perry had found that Chase possessed reading skills at the tenth grade level and spelling skills at the seventh grade level, and that he was literate. As also noted in the panel opinion, Dr. Perry found Chase's intellectual ability to be "at least in the borderline range," found no "evidence of a mental disorder in observing him and in reviewing his history," found "no indications of a thought disorder

4

of any type," and concluded there was no need for further evaluation or treatment of any mental disorder. Subsequently, Dr. Pate (a psychiatrist) voiced the opinion that Chase did not have a mental illness or a history compatible with a mental illness. The Mississippi Supreme Court concluded that Dr. Perry's findings were not "powerful evidence." <u>Chase</u>, 699 So. 2d at 529.

Although Chase invokes <u>Wiggins</u> as new Supreme Court precedent, in reality he is re-arguing the issue previously presented to this panel. In light of the information possessed by Chase's defense counsel, <u>Wiggins</u> does not alter our conclusion that the state supreme court's decision was not contrary to or an unreasonable application of federal law.

The petition for panel rehearing is DENIED. No member of this panel nor judge in regular active service on the court having requested that the court be polled on rehearing en banc, <u>see</u> FED. R. APP. P. and 5TH CIR. R. 35, the petition for rehearing en banc is also DENIED.